ESSEX COUNTY ORPHANS COURT.

In the matter of the estate of HENRY C. DIEHL, deceased.

[Decided June 29th, 1925.]

Trusts—Life With Remainder Over—Stock Dividends, Corpus or Income—Stock Dividend Here Made Possible by Increased Valuation of Assets—McCracken v. Gulick Case Considered But McCoy v. McCloskey Followed.

On accounting.

*Messrs. Congleton, Stallman & Hoover,* proctors for the trustee.

*Messrs. Porter, Zink & Lafferty,* proctors for the exceptant.

CAFFREY, J.

Henry C. Diehl died in December, 1915. Under his will Mary J. Whaley was the beneficiary of the trust created for the term of her natural life, with remainder over. Included in the estate held in trust were four hundred shares of the common stock of the Belt Railroad and Stockyards Company. The par value of the common stock outstanding was $2,000,-000. On June 26th, 1920, the corporation declared a dividend of common stock of a par value of $1,000,000. The estate became entitled to two hundred shares of the stock declared, representing a fifty per cent. stock dividend on its holding of four hundred shares. Mary J. Whaley contends that the two hundred shares of stock so declared comes within the category of rents, issues and profits, thereby entitling her to the same as income. The trustee has filed his account and asks for instructions as to the disposition of the stock received as a dividend. The life tenant, Whaley, thereupon filed exceptions to the account, alleging a failure of the ac-

46

countant to include in the income account a part of the stock dividend of two hundred shares.

The question raised herein is to what extent this stock dividend shall be viewed as *corpus* and to what extent as income.

The evidence before the court is in the form of depositions *de bene esse* of S. C. Rauh and H. D. Lane, both residents of Indianapolis, and president and auditor, respectively, of the company. In addition to that there is a statement of income and property values of the corporation, marked *Exhibit A,* showing the income and property values, including dividends, from December 31st, 1910, to May 31st, 1920. This report, in conjunction with Mr. Rauh's testimony, shows that the surplus account had increased very little from 1911 (at which time a prior stock dividend was declared) up to 1920, when the stock dividend in question was voted. To some extent this surplus account represents money that was left after the payment of the ordinary dividends, and used from time to time for betterments. The testimony of Mr. Rauh further shows that the increase in the surplus account from 1915 to 1920 came from an enhancement of the capital assets, and at the time of the declaration of the million-dollar dividend in 1920 it could not be paid in cash. Mr. Lane's testimony is to the same effect, with an additional recitation that on May 28th and appraisal of the physical property was made, which served as the real basis of value on which the stock dividend in controversy was declared.

For the purpose of this memorandum there is no necessity of setting out in detail the figures which are attached to the deposition, but my examination of the testimony, in conjunction with the report submitted, leads me to believe that the stock dividend was made possible by the increased valulation of the corporate assets. This question has been presented many times, and it has been discussed in a long line of cases. *Lang* v. *Lang, 56 N. J. Eq. 603; Day* v. *Faulks, 79 N. J. Eq. 66,* and cases cited. In *McCracken* v. *Gulick, 112 Atl. Rep. 317,* Mr. Justice Swayze declared that upon the earning of an

extraordinary dividend, or on account of an unusual accumulation of earnings, a life tenant is entitled to receive, at least, some of the extraordinary dividends. With this rule in mind, but distinguishing the facts in that case from the one under consideration, it seems to me that the rule laid down in *McCoy* v. *McCloskey, 94 N. J. Eq. 60,* is conclusive, because I am satisfied that the stock dividend represents nothing more than the enhanced value of the assets of the Belt Railroad and Stockyards Company. It follows, therefore, that the stock dividend, in its entirety, will be considered as *corpus.*

Therefore, the exception by the life tenant will be disallowed and the trustee is instructed to include the stock dividend as *corpus* of the estate.